IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ROWAN,

                                                                ORDER
                        Plaintiff,
                                                                09-cv-588-slc[1]
            v.

NATALIE STOCKWELL,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ROWAN,

                                                                ORDER
                        Plaintiff,
                                                                09-cv-589-slc
            v.

MIKE KNOLL, NANCY HOVE,
NATALIE STOCKWELL and
BRAD LAWRENCE,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Tally Rowan, a prisoner at the Taycheedah Correctional Center in Fond du

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over these cases.

1

Lac, Wisconsin, has filed proposed complaints for money damages and injunctive relief in the two above-captioned actions.  On January 29, 2010, I denied plaintiff's request for leave to proceed in forma pauperis in each of these cases because she had struck out under 28 U.S.C. § 1915(g) and her complaints did not include allegations that she was in imminent danger of serious physical harm.  I gave plaintiff until February 17, 2010 to submit the full filing fees for these cases if she wanted to pursue them as a paying litigant.  Rather than submit the filing fees, plaintiff has filed a motion for reconsideration of the January 29 order as well as a notice of appeal from that order, which I will construe to include a motion to certify that she can take an interlocutory appeal as well as a motion to proceed in forma pauperis on appeal.  I will deny all of these motions.

In her motion for reconsideration, plaintiff argues first that she filed these cases before she received three strikes and thus should not be penalized in these cases for her other frivolous filings.  This argument fails because plaintiff actually initiated each of the three actions in which she received strikes *before* she submitted the complaints in these actions.  It is this court's policy to screen plaintiff's cases in the order in which they were submitted, assess strikes as each complaint is screened and apply the three-strikes rule against the latter cases, if necessary.  This is especially important when a plaintiff  files a flurry of lawsuits in a short period of time, as plaintiff did.  The purpose of the Prisoner Litigation Reform Act, to reduce frivolous prisoner lawsuits, would be eviscerated if plaintiffs could avoid the three-

2

strikes rule by submitting a plethora of complaints at one time and require the court to screen all of them without being able to utilize the three-strikes provision of § 1915(g).

Second, plaintiff argues that she should not be penalized for accruing three strikes because they were the product of "mistakes" due to the Pierce County jail failing to provide her with the "proper procedures," rather than the product of a conscious desire to file frivolous claims. Although it is understandable that plaintiff may be frustrated about prosecuting cases as an incarcerated pro se litigant, it was her choice to file multiple cases in this court that contained frivolous claims. The consequence is that she must now prepay the full filing fee for any claims that do not contain allegations of imminent danger. Therefore, I will deny plaintiff's motion for reconsideration of the court's January 29, 2010 order. Because plaintiff has failed to pay the full filing fees in these cases, I will direct the clerk of court to close the cases.

Turning to plaintiff's notice of appeal, I understand plaintiff to be asking for certification that she can take an interlocutory appeal under 28 U.S.C. §1292(b) from the January 29, 2010 order.

28 U.S.C. § 1292(b) states in relevant part,

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

3

materially advance the ultimate termination of the litigation, he shall so state
in writing in such order.

There is not a substantial ground for a difference of opinion on the question whether
plaintiff has struck out under § 1915(g) or whether her claims in these cases would qualify
under the imminent danger exception. Therefore, I will deny plaintiff's request a
certification that she can take an interlocutory appeal from the January 29, 2010 order in
this case.

Nevertheless, plaintiff's filing of a notice of appeal triggers a financial obligation: she
owes $455 fee for filing her notice of appeal in each case. I will construe her notice of appeal
as including a request to proceed in forma pauperis on appeal. However, I will deny that
request because plaintiff has struck out under § 1915(g) and she does not bring claims that
qualify under the imminent danger exception. Therefore, she owes the $455 fee in each case
immediately.

Plaintiff may delay payment of these $455 fees under one other circumstance; that
is, if she challenges in the court of appeals within thirty days of the date she receives this
order the decision to deny his request for leave to proceed in forma pauperis on appeal
because of her § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides
that plaintiff does not have three strikes, then the matter will be remanded to this court for
a determination whether plaintiff's appeal is taken in good faith. If the court of appeals

4

determines that the district court was correct finding that § 1915(g) bars plaintiff from taking her appeal in forma pauperis, the $455 filing fees will be due in full immediately. Whatever the scenario, plaintiff is responsible for insuring that the required sum is remitted to the court at the appropriate time.

ORDER

IT IS ORDERED that

1.  Plaintiff's motion for reconsideration of the court's January 29, 2010 order is DENIED.

2.  Plaintiff's motion for the court to certify that an interlocutory appeal may be taken from the January 29, 2010 order in these cases is DENIED.

3.   Plaintiff's request for leave to proceed in forma pauperis on appeal, is DENIED because three strikes have been recorded against her under 28 U.S.C. § 1915(g).  The clerk of court is directed to insure that plaintiff's obligation to pay the $455 fee for filing her appeal in each case is reflected in the court's financial records.

4.  The clerk of court is directed to close these cases.

Entered this 9th day of March, 2010.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge